**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

AZAMAT AMANBEK-UULU,

Petitioner,

v. No. 1:26-cv-01561-MLG-LF

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of The United States, Mary DE ANDA-YBARRA, Field Office Acting Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and RAY CARNES, WARDEN, Torrance County Detention Center, in their official capacities,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Federal Respondents' Status Report, Doc. 15, indicating that Petitioner Azamat Amanbek-Uulu was deported to Bulgaria on June 9, 2026. *Id.* at 1. Accordingly, it appears that Amanbek-Uulu's petition for writ of habeas corpus, Doc. 1—which sought his release from detention at the Torrance County Detention Center—is moot. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)).

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the

exceptions to the mootness doctrine”). But Amanbek-Uulu does not allege any collateral consequences, and given that Amanbek-Uulu was deported, not simply released from federal immigration authorities’ custody, it does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, “a federal court must dismiss the action for want of subject-matter jurisdiction”). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that “dismissals for lack of jurisdiction should be without prejudice”). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA